**NATIONAL LOAN INVESTORS, L.P., Plaintiff–Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant– Appellee,**

**Kawac, Inc. Defendant.**

**Docket No. 02–6070.**

United States Court of Appeals, Second Circuit.

Dec. 9, 2002.

John P. Van Beek, Young, Goldman & Van Beek, PC, Alexandria, VA. Frank J. Haupel, DelBello, Donnellan, Weingarten, Tartaglia, Wise & Wiederkehr, LLP, White Plains, NY, for Plaintiff–Appellant.

Colleen Boles (Ashley Doherty, Cynthia Shaughnessy, David Wall), Federal Deposit Insurance Corp., Washington, D.C., for Defendant–Appellee, of counsel.

Present: LEVAL, CALABRESI, Circuit Judges, and TRAGER, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff-appellant National Loan Investors, Inc. ("NLI") appeals from the district court's (Hellerstein, *J.*) granting of the Federal Deposit Insurance Corporation's ("FDIC") motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). We affirm the decision of the district court.

We review de novo the dismissal of a case under Rule 12(b)(6). *Jaghory v. New York State Dept. of Educ.*, 131 F.3d 326, 329 (2d Cir.1997). A dismissal "cannot stand if the Appellant could conceivably adduce facts that supported the cause of action brought in the complaint." *MacDonald v. Safir*, 206 F.3d 183, 190 (2d Cir.2000).

It is not disputed that the Loan Purchase and Sale Agreement ("LPSA") was a valid contract between NLI and the so-called "Loan Trust," and remains valid vis-á-vis those entities and their successors. Nor is it subject to contention that the FDIC is the statutory successor of the Resolution Trust Corporation ("RTC"), a beneficial owner of the Loan Trust.

Appellant asserts that the failed transfer of the Note violates a warranty of trans-ferability established by the general terms of Section 8.1(c) of the LPSA. Section 7.11 of the LPSA refutes this thesis.[2] That clause specifies, inter alia, that the "risks attendant to the potential failure or refusal of third parties to assist or cooperate with Purchaser and/or Seller in the effective transfer, assignment, and conveyance of the purchased Assets and/or assigned rights shall be borne by the Purchaser." Section 6, which provides the "sole and exclusive remedy of Purchaser" under the LPSA, further supports the conclusion that Section 7.11 circumscribes the warranty of transferability supposedly established by Section 8.1(c).

Section 6 allows Purchaser to force Seller to repurchase, at an imputed sale price, any asset, as to which one of four conditions applies. One of these conditions is a court ruling adjudging the asset to be unenforceable. But–in contrast to the instant case–a repurchase can only be required by the buyer if such a ruling occurs *prior* to the date of the LPSA. Except for these four conditions, Section 6 expressly assigns to Purchaser all risks "with respect to the existence, status and enforceability of any and all of the assets." This sweeping allocation of risk–going so far as to abjure any warranty even as to the existence of the assets in question, and expressly recognizing that judicial rulings may render assets worthless to Purchaser–is of a piece with Section 7.11's more specific allocation to Purchaser of the risk of failed transfers due to third party intransigence.[3] Moreover, as NLI was

---

* The Honorable David G. Trager, United States District Court for the Eastern District of New York, sitting by designation.

2. Ordinarily we would be reluctant to sustain a 12(b)(6) dismissal on the basis of a contract interpretation, but here neither the existence nor the terms of the contract between the Loan Trust and NLI are disputed, and the plaintiff alleges no facts that might be thought germane to the interpretation of the instrument.

3. Other clauses also support our interpretation of Section 7.11. Section 3.1, for instance, provides: "Following delivery of the Transfer Documents, Seller shall have no further responsibility or cost whatsoever with respect to ... any ... steps required to effec-

148

aware when it purchased the packet of notes, the business trust which was the Seller in the transaction was organized in such a fashion as to immunize the FDIC's predecessor from responsibility. NLI has cited no authority under Delaware law that it can overcome this limitation.

For the aforesaid reasons, NLI cannot recover from FDIC under a theory of breach. In the alternative, NLI propounds two theories of unjust enrichment. One depends on the FDIC and NLI being parties to, or successors to parties to, the LPSA; the other applies if they are strangers. For reasons stated above, only the first of these theories is possibly applicable. But, for recovery under that theory, as articulated in the appellant's brief, failed transfers must be matters "outside the contract." And this, we have seen, is not the case.

We have considered the appellant's remaining arguments, and find no merit in them. Accordingly, the judgment of the district court is AFFIRMED.

---

tuate said transfer and/or assignment, and it shall be the sole responsibility of Purchaser to ... take ... such steps as may be necessary to

effectuate said transfer and/or assignment, and ... Purchaser shall be responsible for all costs incurred in connection therewith."